**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JAMES GOULD**                                                            **PETITIONER**

**VS.**                              **CASE NO. 5:16CV00194 BSM/PSH**

**WENDY KELLEY, Director of the
Arkansas Department of Correction**                      **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller . You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

James Anthony Gould ("Gould") seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. He is currently in the custody of the Arkansas Department of Correction (ADC) following a 2012 jury trial in the Circuit Court of Pope County in which he was convicted of aggravated robbery.[1] He was sentenced to forty years' imprisonment, plus an additional fifteen year term imposed for using a firearm to commit the crime. On direct appeal, Gould advanced four claims for relief.[2] The

---

[1]Gould was acquitted of a first degree murder charge. The evidence showed that Gould and his nephew went to a drug dealer's house to steal marijuana. Gould and the drug dealer exchanged gun fire, and the drug dealer was killed. Gould then took 6.25 pounds of marijuana. Docket entry no. 11-8, page 2.

[2]The claims were: (1) there was insufficient evidence to support his conviction for aggravated robbery; (2) the trial court erred in excluding Gould's expert witness; (3) the trial court erred in refusing his proffered jury instruction on the crime of possession of a controlled substance; and (4) trial court error in refusing his proffered jury instruction on self-defense.

direct appeal to the Arkansas Court of Appeals was unsuccessful. *Gould v. State*, 2014 Ark. App. 543. Gould unsuccessfully sought review of his direct appeal by the Supreme Court of Arkansas.

In December 2014 Gould filed a state petition for postconviction relief alleging three instances of ineffective assistance of counsel.[3] The circuit court denied postconviction relief in February 2015. Gould lodged the record for appeal with the Supreme Court of Arkansas, but the appeal was dismissed after he failed to file his appellate brief.

Gould, in his federal habeas corpus petition, claims:

(1) he was denied due process by the trial court's failure to instruct the jury on self-defense;

(2) his attorney was ineffective for failing to submit the proper AMCI 2d 705 jury instruction on justification/self-defense;

(3) the victim employed deadly force by firing shots at Gould, which was an unlawful seizure under the Fourth Amendment;

(4) there was insufficient evidence to support the aggravated robbery conviction because the victim did not have a possessory or proprietary interest in the marijuana;

(5) there was insufficient evidence of the "purpose" required to support the aggravated robbery conviction; and

(6) Gould's counsel was ineffective for failing to develop or introduce Gould's prior mental illness history.

Respondent Wendy Kelley ("Kelley") contends all claims raised by Gould are not properly before this Court due to Gould's failure to adequately raise these claims in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Specifically, Kelley contends grounds 1, 2, 3, 5 and 6 were not raised in state court. With respect to ground 4, Kelley argues that Gould's

---

[3]Gould claims his attorney failed to object to erroneous jury instructions, failed to object to the prosecutor's improper closing argument, and failed to argue on appeal that insufficient evidence supported the verdict because there was no evidence that the victim possessed or was the proprietor of the property that was stolen.

assertion that the victim lacked a proprietary interest in the marijuana was not raised in state court, and Gould's assertion that the victim lacked a possessory interest in the marijuana was raised but Gould did not assert this was a violation of the Constitution or laws or treaties of the United States as required by 28 U.S.C. § 2254(a).  By Order dated September 30, 2016, Gould was informed that dismissal due to procedural default was possible, and he was directed to file a pleading explaining why dismissal should not occur.  He submitted a responsive pleading.  See docket entry no. 13.  We will first consider whether any of Gould's claims are properly before the Court.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court:  that is, if he was aware of the ground, but failed to pursue it to a final determination.  The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure.  *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987).  The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause."  *Smith v. Murray*, 477 U.S. 533-34.  However, one can discern from these cases several circumstances in which cause might be found:  first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (l984); or third, if the litigant failed to receive the effective assistance of counsel.  *See Murray v. Carrier*, 477 U.S. at 488.  In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause:  where a constitutional violation has probably resulted in the conviction of one who is

actually innocent. *Id.* at 496.

In his pleadings Gould advances four reasons why his claims should not be dismissed as procedurally barred. First, he urges his actual innocence means this Court should consider the merits of his claims without a showing of cause and prejudice. The Supreme Court provides guidance in considering such a claim, noting:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to establish the standard required of Gould; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. Here, the ample evidence of guilt adduced at trial stands unchallenged by any new reliable evidence offered by Gould. His stark allegation of actual innocence falls far short of the showing required under *Schlup*, and the procedural bar to considering his claims is not defeated by the mere assertion of innocence.

With regard to his third claim, Gould contends the novelty of the claim provides a path around the procedural barrier. This claim – that the victim employed deadly force by firing shots at Gould, which was an unlawful seizure under the Fourth Amendment – is no doubt unusual. However, a "novel" claim within the meaning of habeas corpus procedural default jurisprudence is more than an unusual claim. To constitute a novel claim which amounts to cause for excusing procedural default, the claim must be more than just a "new idea." *Heffernan v. Norris*, 48 F.3d 331, 334 (8th Cir. 1995). The Supreme Court, in *Reed v. Ross, supra,* identified three situations in which a new constitutional rule, representing a clear break with past precedent, might emerge and allow a petitioner to bring a claim that is otherwise procedurally barred. The key to this analysis is that Gould must cite a new constitutional rule. His assertion of an unlawful seizure under the Fourth Amendment is not a new constitutional rule but merely his imaginative construction of the law. There is no merit to the novelty argument advanced by Gould to overcome the procedural bar

4

regarding his third claim for relief.

Regarding his sixth claim, Gould contends "his mental illness question stays proceedings." Docket entry no. 13, page 3.  We construe this as an allegation that he was mentally unable to raise this claim in state court.  The problem with his assertion is that he offers no facts to support such a claim.  The trial record includes testimony during the sentencing phase from Dr. Bradley Diner, a psychiatrist who examined Gould on two occasions.  Docket entry no. 11-6, pages 110-123.  Dr. Diner testified that he considered the results of his psychological testing to be valid, and he opined Gould suffered from an adjustment disorder due to being incarcerated but suffered from no other major psychiatric illness.  Dr. Diner specifically stated Gould did not have an antisocial personality disorder.  The trial record reflects no issue with Gould's mental fitness.  Gould gave four statements during the course of the investigation, and no doubt was cast upon his ability to understand and communicate.  Gould told investigators he was a high school graduate with some college classes.  Gould offers no basis for a challenge to his mental fitness, and further there is no showing that this would amount to cause for his failure to raise claim six in state court.

Gould also points to *Martinez v. Ryan*, 566 U.S. —, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), to excuse the procedural default of his claims.  The *Martinez* case held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  Here, Gould appears to fall under the umbrella of *Martinez*,[4] as he did not have counsel in his Rule 37 proceeding, and we will assume for present purposes that his claims of ineffective assistance of trial counsel are substantial as that term is used in *Martinez*.

The reach of *Martinez* is limited, however, by the nature of Gould's claims.  Only claims 2

---

[4]The *Trevino* case confirmed that *Martinez*, though self-described as a "narrow exception," applied beyond petitioners convicted in Arizona if a state procedure appeared to allow a petitioner to raise ineffective assistance of counsel claims on direct appeal but the structure and design of the system made it virtually impossible to actually pursue such a claim.  132 S.Ct. at 1315.

and 6 are assertions of ineffective assistance of trial counsel. A number of cases stand for the proposition that ineffective assistance of postconviction counsel can *only* serve as cause for the procedural default of a claim of ineffective assistance of **trial** counsel and cannot serve as cause for the procedural default of other claims. *See, e.g., Dansby v. Hobbs*, 766 F.3d 809 (8th Cir. 2014), *cert. denied sub nom*, *Dansby v. Kelley*, 2015 WL 5774557 (U.S.S.Ct. October 5, 2015) (ineffective assistance of counsel cannot serve as cause for the procedural default of a claim of ineffective assistance of appellate counsel); *Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (*Martinez* does not permit resuscitation of a procedurally defaulted *Brady* claim); and *Young v. Colson*, 2015 WL 4879117 (M.D. Tenn. 2015) (*Martinez* only allows for ineffective assistance of postconviction counsel to establish cause for the default of claims of ineffective assistance of trial counsel; petitioner's claims of, *inter alia*, conflict of interest, double jeopardy, erroneous jury instructions, and juror misconduct are claims not arising from alleged ineffective assistance of trial counsel and are therefore outside the scope of *Martinez*).

Liberally construing Gould's pleadings, we find that *Martinez* provides a path to our consideration of the merits of claims 2 and 6. However, *Martinez* does not rescue the remaining claims. Once again liberally construing the pleadings, we find claims 1 and 4, or some version of them, were raised in state court on direct appeal, and we will address the merits of those claims. However, claims 3 and 5 were not fully pursued in state court and are not cured by *Martinez*. Gould demonstrates no other reason why claims 3 and 5 are not subject to procedural default. We recommend these claims be dismissed on that basis, and turn to the merits of claims 1, 2, 4, and 6.

***Claim one -- Gould was denied due process by the trial court's failure to instruct the jury on self-defense:*** Kelley contends this claim should be dismissed as procedurally barred because Gould's challenge in state court to the jury instruction does not precisely mirror his claims at this time, and because Gould did not couch the claim in state court as a federal due process claim. We will consider Gould's challenge to the jury instruction, liberally construing his state court pleadings.

On direct appeal, the Arkansas Court of Appeals summarized the facts and addressed the

jury instruction arguments as follows:

On August 26, 2012, Gould and his nephew, Leondre Gould, went to drug dealer Randall Boykin's house to steal his marijuana. Gould sent his girlfriend, Ashley Ojeda, who had a baby with Boykin, to see if she could get some marijuana from Boykin; Gould thought that, with Ashley being there, Boykin would leave the door unlocked, would be unprotected, and that he and Leondre could just walk into the house and take the marijuana. Leondre had previously robbed Boykin twice and told Gould that it would be "easy" and that Boykin would not fight them.

Gould and Leondre drove to Boykin's house and placed red bandanas over their faces. Gould wore a fur-lined hat. As they walked up to Boykin's door and knocked, Gould was holding a .40–caliber pistol in his hand. Boykin looked out of the peephole, saw the two masked men, and warned them to get away from the door because he was "coming out shootin'." Leondre ran away; Gould and Boykin exchanged gun fire. Gould shot Boykin in the driveway of Boykin's home; when Gould went to see if Boykin was alive and take his gun, Gould's gun went off again. Boykin died from his injuries. Gould then went into Boykin's house and took 6.25 pounds of marijuana that testimony at trial established had a value of approximately $4,800.

Gould's last two points of appeal concern the trial court's refusal to give two jury instructions. A party is entitled to a jury instruction when it is a correct statement of the law and when there is some basis in the evidence to support giving the instruction. *Jones v. State,* 336 Ark. 191, 984 S.W.2d 432 (1999). The standard of review regarding the use of jury instructions is abuse of discretion. *Id.*

The first jury instruction at issue is a non-AMCI jury instruction that stated that it is unlawful for a person to possess a controlled substance. A non-AMCI instruction can only be given when the trial court determines that AMCI does not contain an instruction on a subject upon which the jury should be instructed or when an AMCI instruction cannot be modified to submit the issue. *Re: Arkansas Model Crim. Instructions,* 264 Ark. 967 (1979) (per curiam). Based on our disposition of Gould's first point on appeal, we determine that he cannot show that the trial court's refusal to instruct the jury as requested was an abuse of discretion, and we affirm on this point.

The second jury instruction concerns AMI Crim.2d 705, which involves the justification of the use of deadly physical force in defense of a person. This jury instruction comports with Arkansas Code Annotated section 5–2–607 (Repl.2013), which provides, in pertinent part:

Use of deadly physical force in defense of a person.

(a) A person is justified in using deadly physical force upon another person if the person reasonably believes that the other person is:

(1) Committing or about to commit a felony involving force or violence;

(2) Using or about to use unlawful deadly physical force; or

(3) Imminently endangering the person's life or imminently about to victimize

7

the person as described in § 9–15–103 from the continuation of a pattern of domestic abuse.

(b) A person may not use deadly physical force in self-defense if the person knows that he or she can avoid the necessity of using deadly physical force with complete safety:

(1)(A) By retreating.

(B) However, a person is not required to retreat if the person is:

(I) In the person's dwelling or on the curtilage surrounding the person's dwelling and was not the original aggressor; or

(ii) A law enforcement officer or a person assisting at the direction of a law enforcement officer; or

(2) By surrendering possession of properly to a person claiming a lawful right to possession of the properly.

However, Gould's proffered instruction was an incorrect version of AMI Crim.2d 705; it did not properly state the law, as it provided, in pertinent part:

A person is not justified in using deadly physical force if he knows that the use of deadly physical force can be avoided with complete safety,

(a) by retreating and was not the original aggressor.

It is an appellant's duty to submit a wholly correct instruction. *Ghoston v. State,* 84 Ark.App. 387, 141 S.W.3d 907 (2004). If an instruction does not contain a complete statement of the law, it is not error to refuse it. *Id.* Here, sub-part (a) of Gould's proffered instruction incorrectly merges the above-cited subsections (b)(1)(A) and (b)(1)(B)(I) of section 607. While the incorrectness of the proffered instruction here was not the basis for the circuit court's refusal to give it, we will affirm the circuit court's ruling if it reached the right result, even for the wrong reason. *Williams v. State,* 343 Ark. 591, 36 S.W.3d 324 (2001).

*Gould v. State*, 2014 Ark. App. 543, 5–6.

When the state court[5] has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in

---

[5]When the trial judge denied the proffered jury instruction on self-defense, he noted that the evidence established Gould was the "first aggressor" in an encounter that "never really ended." Docket entry no. 11-6, page 23.  As a result, the trial judge ruled the requested instruction was inappropriate.

light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2).  The United

States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the
> state court either "applies a rule that contradicts the governing law set forth in our
> cases," or "confronts a set of facts that are materially indistinguishable from a
> decision of this Court and nevertheless arrives at a result different from our
> precedent."  A state court decision will be an "unreasonable application of" our
> clearly established precedent if it "correctly identifies the governing legal rule but
> applies it unreasonably to the facts of a particular prisoner's case."
>       . . . Distinguishing between an unreasonable and an incorrect application
> of federal law, we clarified that even if the federal habeas court concludes that the
> state court decision applied clearly established federal law incorrectly, relief is
> appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

Gould cites no federal statute or case which is contrary to the decision rendered by the

Arkansas Court of Appeals.  Similarly, he submits no showing that the Arkansas appellate

decision was based upon an unreasonable determination of the facts in light of the evidence

presented at trial.  We have carefully reviewed the trial transcript, and find no error in the trial

court's decision regarding the jury instructions.  It follows that there was no error in the appellate

court's affirmance.  The Arkansas Court of Appeals explicitly found the proffered instruction

was an incorrect statement of Arkansas law.  State courts are the ultimate expositors of their own

state's laws, and federal courts entertaining habeas corpus petitions are bound by the construction

placed on a state's criminal statutes by the courts of that state except in extreme circumstances.

*Mendiola v. Estelle*, 635 F.2d 487 (5th Cir. 1981).  Here, there is no reason to reject the state

court's construction and application of its statutes.  The claims raised by Gould in state court

regarding jury instructions are without merit, as he fails to satisfy the statutory requirements set

forth in 28 U.S.C. § 2254(d)(1), (2).

To the extent that Gould advances other challenges to the jury instructions, these are also

without merit.  Phrasing his challenge as a due process claim does not change the result.  Gould

can demonstrate a denial of due process only by showing the asserted error was "so gross,

conspicuously prejudicial, or otherwise of such magnitude that it fatally infected the trial and

failed to afford the petitioner the fundamental fairness which is the essence of due process." *Maggitt v. Wyrick*, 533 F.2d 383 (8th Cir. l976) (citations omitted).  See also *Kennedy v. Kemma*, 666 F.3d 472, 481 (8th Cir. 2012).  The state courts correctly analyzed and ruled upon the jury instructions at issue.  Since there was no error, it follows that there was no error of constitutional magnitude.  There is no merit to the first claim advanced by Gould.

  *Claims 2 and 6 – his attorney was ineffective for failing to submit the proper AMCI 2d 705 jury instruction and was ineffective for failing to develop or introduce his prior mental illness history:*  As previously noted, these claims were not fully raised in state court.  In his Rule 37 trial court proceedings, Gould complained that his attorney failed to object to the jury instructions on the definition of property – he did not challenge the jury instruction, or lack thereof, on self-defense.  Also, his Rule 37 petition did not challenge his attorney's failure to introduce evidence of prior mental illness.  This procedural default is overlooked, based on our analysis stemming from *Martinez* and *Trevino, supra.*

  In order to prove ineffective assistance of counsel, petitioner must prove that (l) his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different.  *Strickland v. Washington*, 466 U.S. 688 (l983); *Ryder v. Morris*, 752 F.2d 327, 33l (8th Cir. l985).  The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Kellogg v. Scurr*, 74l F.2d l099, ll0l (8th Cir. l984); *Bell v. Lockhart*, 74l F.2d ll05, ll06 (8th Cir. l984).  This presumption is created to "eliminate the distorting effects of hindsight," and recognizes that "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  *Strickland*, 466 U.S. at 689; *Ryder*, 752 F.2d at 33l.

With regard to claim 2, Gould argues that his attorney acted unreasonably because "the self defense instruction was required by law because Gould requested it and there was circumstances warranting the instruction." Petition, page 16. The evidence at trial established that Gould, wearing a bandana over his face and armed, attempted to enter the home of Randall Boykin to steal Boykin's marijuana. Gould ignored Boykin's warning to leave. A gunfight ensued, and Gould shot Boykin twice. Gould's attorney requested a self-defense instruction that modified the wording of the AMCI 2d instruction. The trial court refused to give the instruction, finding there was not a factual basis for a jury instruction on self-defense. Gould does not demonstrate this was erroneous.

The trial court's refusal to instruct the jury on self-defense was based on reasoning consistent with Arkansas law. In refusing the instruction, the trial judge found Gould and his nephew went to Boykin's door, with both men being masked and Gould being armed. As previously noted, the trial judge found the "encounter never really ended" and nothing happened which changed Gould's status as "the first aggressor." Docket entry no. 11-6, page 23. Gould's nephew departed when the gunfire began; Gould did not. The Eighth Circuit Court of Appeals has considered when Arkansas case law allows AMCI 2d 705 to be appropriately given:

> "One who claims self-defense must show not only that the person killed was the aggressor, but that the accused used all reasonable means within his power and consistent with his safety to avoid the killing." *Ricketts v. State,* 292 Ark. 256, 729 S.W.2d 400, 402 (1987) (same). *See also Craig v. State,* 70 Ark.App. 71, 14 S.W.3d 893, 900 (2000) ("A person is justified in using deadly physical force ... only if he reasonably believes the other person was ... about to use unlawful deadly physical force and he was not the original aggressor.")."

11

*Cagle v. Norris*, 474 F.3d 1090, 1096–97 (8th Cir. 2007).  The trial court's finding that Gould
was the initial aggressor and he did not retreat are presumed correct. 28 U.S.C.§2254(e)(1).  The
legal conclusion based upon these facts was a correct application of Arkansas law.[6]

      With regard to claim 6, Gould claims his attorney erred in failing to seek a mental
evaluation and neglecting to notify the trial judge of his prior mental illness history.  As
previously noted, Gould was examined by Dr. Bradley Diner, who testified at the trial's
sentencing phase.  Dr. Diner's testimony does not support Gould's claim of prior mental illness.
Although Dr. Diner acknowledged Gould "grew up in a very chaotic and abusive family and
childhood," he diagnosed Gould with no major psychiatric illness.  Docket entry no. 11-6, page
120.  Given the nature of Dr. Diner's testimony, there simply was no basis for a defense of
mental disease or defect, and Gould's attorney is not at fault for failing to call Dr. Diner in the
guilt phase of the trial.  Gould's attorney acted reasonably in this regard.  He fails to establish the
first of the two prongs of *Strickland*.

      Gould falls short of establishing attorney error in connection with the jury instructions or
with his mental health history.  Even if we were to assume some error in either of these areas,
Gould also fails to show prejudice, the second part of the *Strickland* analysis.  The trial transcript
demonstrates the result would not have been different even if his attorney had acted as Gould
desired.

---

      [6]The Arkansas Court of Appeals, on direct appeal, did not squarely address whether AMCI 2d
705 should have been given, instead ruling that the modified version of the instruction offered by
Gould was an incorrect statement of the law and was properly refused.  Thus, this is a
circumstance in which the appellate court affirmed the trial court's ruling without reasoning on
the precise issue of whether AMCI 2d 705 should have been given.  When this occurs, it is
appropriate for this Court to "look through" the appellate decision and apply the deferential
standard set forth in 28 U.S.C. § 2254(d)(1), (2) to the last reasoned decision rendered in state
court.  *Washington v. Roper*, 631 F.3d 487, 497 (8th Cir. 2011).  Here, the last reasoned decision
was the trial court's denial of the instruction because Gould was the aggressor and did not
retreat.  This ruling is not contrary to any federal statute or case, nor is it an unreasonable
determination of the facts in light of the evidence presented at trial.  To the contrary, it is a
correct ruling, and Gould's attorney was not ineffective for failing to submit AMCI 2d 705.

***Claim 4 – there was insufficient evidence to support the aggravated robbery conviction because the victim did not have a possessory or proprietary interest in the marijuana:*** Kelley contends this claim is procedurally barred because it was presented in state court but was not couched as a federal constitutional claim.  We liberally construe the state court pleadings and consider the merits of this claim.

The Arkansas Court of Appeals addressed the issue:

Gould first argues that the evidence presented at trial was insufficient to support his aggravated-robbery conviction. A person commits aggravated robbery if he commits robbery as defined in § 5–12–102 and inflicts death upon another person. Ark.Code Ann. § 5–12–103(a)(3) (Repl.2013). A person commits robbery if, with the purpose of committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person. Ark.Code Ann. § 5–12–102(a) (Repl.2013).

In reviewing a challenge to the sufficiency of the evidence, the appellate court determines whether the verdict is supported by substantial evidence; that is, whether the evidence is forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Sweet v. State,* 2011 Ark. 20, 370 S.W.3d 510. The evidence is viewed in the light most favorable to the verdict, and only the evidence supporting the verdict will be considered. *Id.*

At the close of the State's case, Gould moved for a directed verdict as to aggravated robbery on the basis that Boykin had no possessory interest in the property alleged to have been taken from him—the over six pounds of marijuana—because it was illegal for Boykin to possess the marijuana. Gould contended at trial, and now on appeal, that there cannot be a theft of property that would satisfy the robbery portion of the aggravated-robbery statute if the property in question is marijuana because it is illegal for an ordinary citizen to possess marijuana in Arkansas. We disagree.

In support of his argument, Gould cites *Daniels v. State,* 373 Ark. 536, 285 S.W.3d 205 (2008) (overturned due to legislative action in Act 460 of 2009), and *Heard v. State,* 2009 Ark. 546, 354 S.W.3d 49. Neither of these cases is dispositive of the issue in the present case; *Daniels* concerned the retaking possession of money lost while gambling, while the issue in *Heard* involved the forcible taking of money to recover a debt owed. These cases fail to support Gould's argument that contraband, in this case marijuana, cannot be  owned simply because it is illegal. Our forfeiture statute provides, in pertinent part, that "[a]ny seized properly shall be returned to the rightful owner or possessor of the seized properly except contraband owned by a defendant." Ark.Code Ann. § 5–5–101(a) (Repl.2013). We note that the statute discusses disposition of seized contraband in the context of ownership, providing that contraband *owned* by a defendant will not be returned, thus recognizing the aspect of ownership, even if the property is contraband. We also note that our theft statutes define "property," in pertinent part, as tangible personal property that represents or embodies

13

anything of value. Ark.Code Ann. § 5–36–101(7) (Repl.2013). "Property of another person" is defined as any property in which any person other than the actor has a possessory or proprietary interest. Ark.Code Ann. § 5–36–101(8)(A). Clearly, marijuana has value—in this case, there was testimony that the marijuana was worth approximately $4,800—and is subject to possession. Marijuana, therefore, falls within the definitions of "property" and "property of another person" as set forth in the theft statutes. Here, there is sufficient evidence that Gould committed aggravated robbery, and his argument fails.

*Gould v. State*, 2014 Ark. App. 543, 2–4.

Since this claim, like Gould's first claim, was decided by Arkansas courts, he may not obtain relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court."  28 U.S.C. § 2254(d)(1), (2).

Here, Gould does not plead or prove that the Arkansas court ruling on the  sufficiency of the evidence was contrary to, or involved an unreasonable application of, clearly established federal law.  Although the state Court of Appeals did not specifically cite federal law, that failure is not problematic as neither the court's reasoning nor result contradict federal law.  *See Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005).  The applicable federal law requires the court to ask if,  "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) [emphasis in original].  The Arkansas Court of Appeal's ruling on the sufficiency of the evidence is consistent with, and a reasonable application of the *Jackson v. Virginia* standard.

Gould has also not shown that the adjudication of the claim by the Arkansas Court of Appeals resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  The record establishes ample evidence of Gould's guilt,[7] and the

---

[7]The ample evidence of Gould's guilt was shown through the physical evidence from the scene, which showed Boykin was shot twice in the head with Gould's .40 caliber handgun. Gould gave four statements to investigators, and these were consistent with the physical evidence.

recitation of the facts and the application of Arkansas law regarding causation is thorough. Having reviewed the trial record, we find the evidence meets and exceeds the requirements of *Jackson v. Virginia*. There is no merit in Gould's challenge to the sufficiency of the evidence.

**Conclusion:** As noted early in our opinion, claims 3 and 5 are procedurally barred due to Gould's failure to fully raise the claims in state court, coupled with his failure to show cause and prejudice for his state court omission. Claims 1, 2, 4, and 6 are without merit, as Gould fails to demonstrate any constitutional defect in his proceedings.

For the foregoing reasons, we recommend the petition for writ of habeas corpus be dismissed and the relief requested be denied because all claims are without merit.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 22nd day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

15